UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 05 2022

Nathan Ochsner
Clerk of Court

| | |
|---|---|
| STATE OF TEXAS *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN *et al.*,<br><br>Defendants. | Civil Case No. 6:22-CV-00004 |

**UNOPPOSED MOTION BY AMICI CURIAE ILLINOIS, CALIFORNIA, CONNECTICUT, DELAWARE, THE DISTRICT OF COLUMBIA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, AND WASHINGTON FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Illinois, California, Connecticut, Delaware, the District of Columbia, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington (collectively, the "amici States") respectfully request that the Court grant them leave to participate as amici curiae and file a brief in support of defendants. Movants' proposed amicus brief is submitted along with this motion.

**POSITION OF THE PARTIES ON THIS MOTION**

All parties are unopposed to movants participating as amici curiae.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Court has wide discretion to grant amici curiae leave to file a brief. *E.g., Texas v. United States*, No. 6:21-CV-00003 (Jan. 25, 2021), ECF 12 (Tipton, J.) (granting motion for leave to file amicus curiae brief by ACLU of Texas). "The extent to which the court permits or

denies amicus briefing lies solely within the court's discretion." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008); *see also Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court.") (collecting cases). Indeed, "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief." *Deloitte Consulting LLP*, 512 F. Supp. 2d at 927. In the absence of authority governing a district court's decision to grant or deny a nonparty's motion for leave to file an amicus brief, "district courts commonly refer to Rule 29 [of the Federal Rules of Appellate Procedure] for guidance." *Id.*

"Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *Id.*; *see also Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29 (TH/KFG), 2006 WL 8440677, at *1 n.1 (E.D. Tex. Feb. 9, 2006) ("Because there is no general right of non-parties to be heard in pending litigation, it is incumbent on those seeking amicus status to request leave to appear whereby they demonstrate that their participation is both timely and useful."); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) ("A motion for leave to file an amicus curiae brief, however, should not be granted unless the court deems the proffered information timely and useful . . . ." (cleaned up)).

Movants' participation in this action would be both timely and useful. Movants are 19 sovereign States that submit this amicus brief to highlight several issues presented by this case that will impact their interests, as well as the interests of their workers, consumers, and

employers. As one example, the States have an interest in the public welfare, which includes promoting fair wages and enhancing the well-being and financial security of their residents. That interest is implicated by this case, where Plaintiffs Texas, Mississippi, and Louisiana challenge defendants' authority to direct the inclusion in certain federal contracts of a clause requiring the payment of a $15 minimum hourly wage to employees working on or in connection with the covered contract.

Furthermore, movants have an interest in, and are supportive of, policies that improve the wages and well-being of their workers while also benefiting employers and consumers. Although movants have taken different approaches to achieve this goal within their borders, they agree with defendants that increasing wages for workers generates important benefits, including improved services, increased morale and productivity, and reduced poverty and income inequality. Accordingly, many movants have recently enacted measures increasing the minimum wage for workers within their borders. Plaintiffs' request to prohibit defendants from raising the minimum wage for federal contract workers, if granted, would run counter to these important interests, as explained in the amicus brief.

Finally, movants' proposed brief is timely. It is filed just three business days following the defendants' motion to dismiss or, in the alternative, for summary judgment. Under the deadlines set forth in section 15(e) of the Court's practices, defendants' motion will not be fully briefed for more than three weeks. This will provide the Court sufficient opportunity to consider movants' arguments in support of defendants' motion.

## CONCLUSION

For these reasons, movants should be permitted to participate as amici curiae in this case and they should be permitted to file the proposed amicus brief.

Dated: May 4, 2022

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: /s/ Darren Kinkead

Darren Kinkead (Illinois Bar No. 6304847)
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601
(773) 590-6967
Darren.Kinkead@ilag.gov
Attorneys for Amici States

Rob Bonta
*Attorney General of California*

Kathleen Jennings
*Attorney General of Delaware*

Aaron M. Frey
*Attorney General of Maine*

Maura Healey
*Attorney General of Massachusetts*

Keith Ellison
*Attorney General of Minnesota*

Matthew J. Platkin
*Acting Attorney General
of New Jersey*

Letitia James
*Attorney General of New York*

Josh Shapiro
*Attorney General of Pennsylvania*

Thomas J. Donovan, Jr.
*Attorney General of Vermont*

William Tong
*Attorney General of Connecticut*

Karl A. Racine
*Attorney General of the
District of Columbia*

Brian E. Frosh
*Attorney General of Maryland*

Dana Nessel
*Attorney General of Michigan*

Aaron D. Ford
*Attorney General of Nevada*

Hector Balderas
*Attorney General of New Mexico*

Ellen F. Rosenblum
*Attorney General of Oregon*

Peter F. Neronha
*Attorney General of Rhode Island*

Robert W. Ferguson
*Attorney General of Washington*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1,172, as counted by Microsoft Word.

_____

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was served on May 4, 2022, via U.S. mail and email, on counsel of record using the details set forth below:

Christopher D. Hilton (christopher.hilton@oag.texas.gov)
Amy Snow Hilton (amy.hilton@oag.texas.gov)
Courtney Brooke Corbello (courtney.corbello@oag.texas.gov)
Halie Elizabeth Daniels (halie.daniels@oag.texas.gov)
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

John V. Coghlan (john.coghlan@ago.ms.gov)
State of Mississippi
Office of the Attorney General
550 High Street
Jackson, MS 39201

Elisabeth Daigle
Elizabeth Baker Murrill (murrille@ag.louisiana.gov)
Joseph Scott St. John (stjohnj@ag.louisiana.gov)
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804

Justin Sandberg (justin.sandberg@usdoj.gov)
Taisa M. Goodnature (taisa.m.goodnature@usdoj.gov)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530


_____

5